# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 16 C 6673 |
| PATRICK JONES, | ) Judge Rebecca R. Pallmeyer |
| Defendants. | ) |

## MEMORANDUM ORDER

On March 5, 2010, Petitioner Patrick Jones pleaded guilty before then-Judge Wayne Andersen of "knowingly and intentionally possessing with intent to distribute 50 grams or more of mixtures containing cocaine base in the form of crack cocaine." Judge Zagel of this court concluded that Jones is a career offender under U.S.S.G. § 4B1.1 based on his prior drug convictions, and imposed a below-guidelines sentence of 180 months in custody [877]. The Court of Appeals affirmed his conviction and sentence. *United States v. Jones*, 696 F.3d 695 (7th Cir. 2012), *cert. denied*, 568 U.S. 1113 (2013).

On June 24, 2016, Jones filed a petition for relief pursuant to 28 U.S.C. § 2255. A petition filed three years after the conviction has become final is time-barred, but Jones argued that his petition was filed within one year of a new rule announced by the Supreme Court in *Johnson v. United States*, 135 S.Ct. 2551 (2015). The Court subsequently declared *Johnson* retroactive. *Welch v. United States*, 136 S.Ct. 1257 (2016). In *Johnson*, the Court held that the "residual clause" in 18 U.S.C. § 924(e)(2)(B)(ii) of the Armed Career Criminal Act ("ACCA")—defining a "violent felony" as one that "otherwise involves conduct that presents a serious potential risk of physical injury to another"—was unconstitutionally vague. Similar language appears in the career offender guidelines, and Jones contended that for the same reason, a sentence enhanced on the basis of a finding that Jones is a career offender is invalid.

In its initial response to the petition, the government argued that the *Johnson* holding has "no bearing whatsoever" on a case like this one, where the predicate offenses that dictated "career offender" status were drug offenses, not crimes of violence. (Government's initial response [6], at 3.) The residual clause is not relevant to career offender status in Jones's case. And, although the case had not been decided at the time of the government's response, the Supreme Court later held in *Beckles v. United States*, 137 S.Ct. 886 (2017) that the holding of *Johnson* does not extend to the career-offender guideline sentences imposed after the *Booker* decision. *United States v. Booker*, 543 U.S. 220 (2005).

Petitioner himself has conceded the matter. He moved for leave to withdraw the petition [13] and file a supplemental petition [14], this time invoking *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), a Fifth Circuit decision that concluded that a conviction for offering to sell a controlled substance may not qualify as a predicate drug offense for purposes of the career offender guideline. Again, the government responded, this time pointing out that *Hinkle* was decided by the Fifth Circuit on direct appeal from a criminal conviction, not by the Supreme Court, and therefore does not provide a basis for post-conviction relief or excuse an untimely filing. (Government's second response [16], at 3-4.) In yet another request for leave to supplement his petition [22, 23], Jones cites yet another case, *Mathis v. United States*, 136 S.Ct. 2243 (2016). In *Mathis*, the Court describes the steps a sentencing court must take in determining whether a defendant's previous burglary conviction may qualify as a violent felony for purposes of ACCA. *Mathis* was decided by the Supreme Court, but has not been declared retroactively applicable on postconviction review, so it does not provide a basis for a late-filed § 2255 petition. Nor does it address prior drug convictions or career offender guidelines.

A final note: Jones appears to believe that under *Mathis*, this court should use a "modified categorical approach" appropriate for assessing whether a state law crime is defined so broadly that it may not constitute a predicate offense as required for Armed Career Criminal status. If such an assessment were necessary at all in this case, the court concludes his prior offenses

2

would qualify. Jones himself sets forth the Tennessee statute he was convicted of violating, which prohibits "knowingly possess[ing] a controlled substance with intent to manufacture, deliver or sell" the controlled substance. (Jones Reply [34] at 7, citing Tenn. Code Ann. § 39-17-417.) That language is nearly identical to the definition of drug offenses that support career offender status under § 4B1.1 of the Guideline, which defines a controlled substance offense as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute or dispense." The court takes notice, further, that in his plea agreement, Jones acknowledged having four other felony convictions in Wisconsin, all for possession with intent to deliver controlled substances. (Plea Agreement [626] in 08 CR 401, at 5-7). Only two such convictions were required in order for Jones to have Career Offender status.

## **CONCLUSION**

Jones's § 2255 petition is dismissed. His motion for leave to file supplemental pleading [22] is granted, but his petitions for relief from the judgment and sentence [1, 14, 23] are denied. Because reasonable jurists could not "debate whether . . . the petition should have been resolved in a different manner." *Resendez v. Knight*, 653 F.3d 445, 446 (7th Cir. 2011), Petitioner has failed to make a "substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c), and the court declines to issue a certificate of appealability. Judgment will enter in favor of the United States.

ENTER:

Dated: July 9, 2018

REBECCA R. PALLMEYER
United States District Judge